# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**WILLIAM POSEY,**

                **Plaintiff,**

             **-vs-**                                      **Case No.  05-C-1130**

**MATTHEW FRANKS,**
**GARY R. McCAUGHTRY and**
**MARC CLEMENTS,**

                **Defendants.**

---

## DECISION AND ORDER

---

On October 27, 2005, plaintiff William Posey, a state prisoner, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 along with the $250 filing fee. Although the plaintiff has paid the filing fee in full, the court is required to screen complaints brought by all prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).

On November 16, 2005, the plaintiff's complaint was screened in accordance with 28 U.S.C. §1915A and the court determined that the plaintiff had stated sufficient facts to support an Eighth Amendment failure to protect claim. However, the court also found that the plaintiff had not provided enough information for the court to evaluate his other Eighth Amendment claim concerning interference with his medical treatment. Specifically, the court noted that the plaintiff did not describe what type of medical treatment he was receiving, nor did he

allege any facts to suggest that the named defendants were aware of his medical treatment or had some role in the denial of treatment.

As a result, the court ordered the plaintiff to file an amended complaint curing those deficiencies if he wished to proceed on his interference with medical treatment claim. In addition, the plaintiff was advised that his amended complaint would supersede the prior complaint and must be complete in itself without reference to the original complaint as instructed by the Court of Appeals for the Seventh Circuit in Duda v. Board of Ed. of Franklin Park Public School District No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). Further, the court informed the plaintiff that in Duda, the appellate court emphasized that if a plaintiff filed an amended complaint, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. (citations omitted).

Notwithstanding the court's advice, on January 31, 2006, the plaintiff filed an "amended complaint" which consisted of a one paragraph statement regarding his medical interference claim. The "amended complaint" did not contain any of the allegations from the original complaint regarding his Eighth Amendment failure to protect claim. Although the plaintiff was explicitly warned of the consequences of omitting allegations from the amended complaint, he did not include all his claims in one complaint. Nonetheless, the court does not believe that the plaintiff intended to drop the allegations surrounding his Eighth Amendment failure to protect claim. Thus, the court will screen the plaintiff's new Eighth Amendment medical interference claim as set forth in his "amended complaint" pursuant to 28 U.S.C. §1915A. (Docket #6).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

2

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

3

In its entirety, the plaintiff's handwritten amended complaint (Docket #6) states:

Medication: Peg-incon on or about March 02 I didn't receive my meds on time after notifying staff this medication is to be taken once a day same day & time wasn't give [sic] until the following day.

Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. Walker v. Benjamin, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To establish liability under the Eighth Amendment for a claim of deliberate indifference to a serious medical need, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. Farmer, 511 U.S. at 834; Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also, Estelle, 429 U.S. at 104-05; Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000).

The deliberate indifference rule is a high standard. For purposes of the Eighth Amendment, deliberate indifference is not negligence, nor is it gross negligence. Haley v. Gross, 86 F.3d 630, 644 (7th Cir. 1996). Furthermore, medical malpractice does not amount to deliberate indifference under the Eighth Amendment. Kelley v. McGinnis, 899 F.2d 612, 616 (7th Cir. 1990). "[A]llegations of 'inadvertent failure to provide adequate medical care,' or of a 'negligent . . . diagnosis,' simply fail to establish the requisite culpable state of mind." Wilson, 501 U.S. 294, 297 (1991) (quoting Estelle, 429 U.S. at 105-106); see also Thomas v. Farley, 31 F.3d 557, 558 (7th Cir. 1994); and Antonelli v. Sheahan, 81 F.3d 1422, 1429 (7th Cir. 1996)

In this case, the plaintiff's medical interference claim consists solely of his allegation that he endured a one-day delay in the receipt of his medication. Allegations of delay in

4

treatment, without more, do not constitute deliberate indifference for purposes of the Eighth Amendment. Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992); Shockley v. Jones, 823 F.2d 1068, 1072 (7th Cir. 1987). Again, the plaintiff does not allege the medical condition for which he was receiving treatment nor does he allege any personal knowledge or involvement on the part of any of the named defendants. Hence, the plaintiff has not cured the deficiencies noted in the order of November 16, 2005, with respect to his medical interference claim. As a result, the Eighth Amendment medical interference claim will be dismissed pursuant to 28 U.S.C. §1915A(b).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Eight Amendment medical interference claim as set forth in his "amended complaint" be and hereby is **dismissed** pursuant to 28 U.S.C. §1915A(b).

**IT IS FURTHER ORDERED** that the plaintiff shall serve a copy of his original complaint (Docket # 1), a waiver of service form and/or the summons, a copy of the November 16, 2005, order (Docket # 2) and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857.

5

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, the plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9th day of February, 2006.

BY THE COURT:

s/ Rudolph T. Randa
Hon. Rudolph T. Randa
Chief United States District Judge