**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

WILLIAM POSEY,

                        Plaintiff,

            -vs-                                 Case No.    05-C-1130

MATTHEW FRANKS,
GARY R. McCAUGHTRY and
MARC CLEMENTS,

                        Defendants.

## DECISION AND ORDER

      On October 27, 2005, plaintiff William Posey, a state prisoner, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 along with the $250 filing fee. By order of February 9, 2006, Chief United States District Judge Rudolph T. Randa ordered the plaintiff to serve a copy of the summons and complaint and other documents upon the defendants. In Judge Randa's Decision and Order, the plaintiff was also advised that failure to make a timely submission may result in dismissal of the action for failure to prosecute.

      By letter of April 24, 2006, United States Magistrate Judge Patricia J. Gorence advised the plaintiff that court records indicated that he had not effected service upon the defendants and that the case appeared to be subject to dismissal, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. As a result, the plaintiff was directed to file a status report regarding his efforts to serve the defendants. The plaintiff was also advised that failure to file such a report could result in dismissal of the plaintiff's action pursuant to Civil L. R. 41.1 (E.D. Wis.) and Fed. R. Civ. P. 41(b). To date, the plaintiff has not filed the status report.

Rule 4(m) requires service of the summons and complaint within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). In pro se prisoner cases, the complaint is considered filed once it has been screened pursuant to 28 U.S.C. § 1915(e)(2). In this case, the court screened the complaint on February 9, 2006. Thus, more than 120 days have passed since the filing of the complaint.

Civil Local Rule 41.1 (E.D. Wis.) provides:

> When the plaintiff has not effected service of process within the time required by Fed. R. Civ. P. 4(m), and the defendant has not waived service under Rule 4(d), then on 20 days' notice to the attorney of record for the plaintiff, or the plaintiff if pro se, an order will be entered dismissing the action without prejudice.

By order of June 16, 2006, the plaintiff was put on notice that unless service of process was effected upon the defendants within 20 days after receipt of that order, an order would be entered dismissing this action, without prejudice. A review of the record reveals that service of process has not been effected on the defendants and the time for effecting service under Rule 4(m) of the Federal Rules of Civil Procedure has expired. Therefore, this action will be dismissed, without prejudice, pursuant to Civil Local Rule 41.1.

## ORDER

**IT IS THEREFORE ORDERED** that this action be and hereby is **dismissed** without prejudice, pursuant to Civil Local Rule 41.1 (E.D. Wis.).

Dated at Milwaukee, Wisconsin, this 10th day of July, 2006.

BY THE COURT:

s/ Rudolph T. Randa
RUDOLPH T. RANDA
United States Chief District Judge